FILED 17 MAY '11 16:15 USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

SKYLER S. CANTRELL,                        Civil No. 10-436-HA

        Plaintiff,                               OPINION AND ORDER

     v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

HAGGERTY, District Judge:

Plaintiff Skyler S. Cantrell seeks judicial review of a final decision by the Commissioner of the Social Security Administration denying his application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). This court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). After reviewing the record, this court concludes that this action must be AFFIRMED.

**STANDARDS**

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

OPINION AND ORDER- 1

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for DIB or SSI. 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof at steps one through four to establish his or her disability. At the fifth step, however, the burden shifts to the Commissioner to show that jobs exist in a significant number in the national economy that the claimant can perform given his or her residual functional capacity (RFC), age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits. 20 C.F.R. § 404.1520(f)(1), 416.920(a). If the Commissioner meets this burden, the claimant is deemed not disabled for purposes of determining benefits eligibility. *Id.*

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). However, a decision must be set aside if the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision. *Id.* at 720.

OPINION AND ORDER- 2

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff was thirty-two years old at his alleged disability onset date of January 31, 1999. He was last insured on December 31, 2007. Plaintiff alleges disability due to chronic recurrent respiratory infections, adrenal insufficiency, Babesiosis, cervical radiopathy, insomnia, irritable bowel syndrome, cognitive dysfunction, depression, and chronic fatigue. His applications were denied initially and upon reconsideration.

An Administrative Law Judge (ALJ) conducted a hearing on January 14, 2009. He heard testimony from plaintiff, who was represented by counsel. A vocational expert (VE) was present at the hearing, but did not testify.

On August 5, 2009, the ALJ issued a decision finding that plaintiff was not disabled as defined in the Social Security Act. The ALJ found that plaintiff suffered from thoracic degenerative disc disease, cervical disc herniation, and adrenal insufficiency. Tr. 23, Finding 3.[1] The ALJ concluded that plaintiff's other alleged impairments were non-severe. Tr. 24.

The ALJ determined that plaintiff has the RFC to perform the full range of light work, including frequent lifting or carrying of ten pounds, occasional lifting or carrying of twenty pounds, and sitting or standing for six hours in an eight-hour workday. Tr. 28, Finding 5. Based on plaintiff's RFC, the ALJ concluded that plaintiff could perform his past relevant work as a software designer. Tr. 36, Finding 6.

The Appeals Council declined plaintiff's request for administrative review, making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently initiated this action seeking judicial review.

---

[1] Tr. refers to the Transcript of the Administrative Record.

OPINION AND ORDER- 3

## DISCUSSION

Plaintiff raises two objections to the ALJ's decision. First, he contends that the ALJ erroneously rejected the opinions of his treating physician, Dr. Daniel Newman. Second, he argues that the ALJ made baseless vocational findings. He asks this court to reverse and remand the Commissioner's final decision for an immediate award of benefits, or for further proceedings.

In his Reply Brief, plaintiff also argues that the ALJ erred in calculating plaintiff's RFC, evaluating plaintiff's Babesiosis, and considering plaintiff's testimony. Plaintiff also asks the court to remand this case to allow the ALJ to consider an opinion letter written by Dr. Newman in December 2009. This court need not consider these arguments because they were not raised in plaintiff's Opening Brief. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.") (citation omitted).

Plaintiff asserts that he raised the credibility, RFC, and Babesiosis issues by "setting out" plaintiff's testimony, listing objective evidence that conflicts with the ALJ's findings, and extensively addressing Dr. Newman's opinions in his Opening Brief. Pl.'s Reply Br. at 2-3. However, plaintiff's Opening Brief identified only two errors by the ALJ in its "Introduction and Statement of the Issues" and throughout the argument section. Pl.'s Br. at 1-2, 7-11. Contrary to plaintiff's assertion, listing testimony or evidence in the factual section of a brief is insufficient to alert the court to alleged errors by the ALJ that must be corrected. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (explaining that courts can only review issues which are argued specifically and distinctly in a party's opening brief). Because plaintiff did not raise specific challenges to the ALJ's credibility determination, analysis of plaintiff's Babesiosis and RFC calculation, or properly request a remand for consideration of Dr. Newman's December

2009 letter, this court cannot analyze those arguments. Even if plaintiff's objections were presented properly, this court finds that they lack merit.

Additionally, to the extent that plaintiff asserts that the ALJ's error in evaluating his severe impairments and formulating his RFC stems from the ALJ's rejection of Dr. Newman's Babesiosis diagnosis, this court rejects plaintiff's argument. Doctor Newman gave no explanation of how plaintiff's Babesiosis infection rendered plaintiff "permanently and totally disabled" even though he was receiving antibiotic treatment, and provided no exertional or non-exertional limitations associated with plaintiff's Babesiosis. Tr. 480-81.

1. **Medical opinions of Dr. Newman**

An ALJ may reject the contradicted opinion of a treating or examining physician by stating specific and legitimate reasons, and may reject an uncontradicted opinion from a treating or examining physician by providing clear and convincing reasons, supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ must give weight not only to the treating physician's clinical findings and interpretation of test results, but also to the doctor's subjective judgments. *Lester v. Chater*, 81 F.3d 821, 832-33 (9th Cir. 1995) (citation omitted).

The opinion of a non-examining physician alone cannot constitute substantial evidence that justifies the rejection of the opinion of a treating physician. *Id.* at 831 (citations omitted). However, the ALJ may reject a treating physician's opinion in cases in which objective test results, reports from other physicians, testimony from the claimant, or other evidence conflicts with the opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *see also Burkhart v. Bowen*, 856 F.2d 1335, 1339-40 (9th Cir. 1988) (holding that an ALJ may reject a

OPINION AND ORDER- 5

treating physician's opinion that is unsupported by medical findings, personal observations, or objective testing).

A physician's disability opinion may be disregarded if it is premised upon the claimant's subjective symptoms and limitations that were properly discredited. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (citations omitted). Additionally, if a treating physician's opinion fails to explain *how* a claimant's symptoms preclude work activity, then it may be rejected. *Id.* at 601 (explaining that the ALJ listed specific examples of how the level of impairment indicated by the treating doctor was unreasonable given other evidence in the record). If the ALJ decides to reject a treating physician's opinion, the ALJ must set out a detailed and thorough summary of the facts and conflicting clinical evidence, explain his or her interpretation thereof, and make findings. *Id.* at 600-01.

Although plaintiff characterizes Dr. Newman's opinions as uncontradicted, the examining and non-examining physicians, Dr. Cheryl Brischetto, Dr. Robert Henry, Dr. Richard Alley, and Dr. Martin Kehrli, provided assessments that conflicted with Dr. Newman's opinion that plaintiff is totally disabled and incapable of sustaining SGA. Tr. 393, 397, 426-33, 896-908. As a contradicted opinion, the ALJ was required to set forth specific, legitimate reasons for crediting the non-examining physician's opinions over Dr. Newman's opinion. *See Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996).

The ALJ explained in detail why he rejected aspects of Dr. Newman's opinions. The ALJ found that no objective testing or findings supported Dr. Newman's disability determinations, his reports relied almost entirely on plaintiff's subjective reporting, some of his opinions were internally inconsistent, no explanation was given for plaintiff's pain, and medical improvement

OPINION AND ORDER- 6

was documented in plaintiff's medical records. Tr. 34-35. The ALJ noted that objective testing revealed normal results, physical examinations were unremarkable, and plaintiff could complete relatively normal activities of daily living, including light housekeeping, caring for his daughter, outdoor activities, and personal care. Tr. 29, 32. After examining the record, this court finds that the ALJ provided specific and legitimate reasons for rejecting the aspects of Dr. Newman's reports indicating that plaintiff was totally disabled.

This court notes that two of the ALJ's asserted reasons were not specific and legitimate. The ALJ gave little weight to a Medical Source Statement by Dr. Newman because it "mostly contained check-off boxes." Tr. 34. Although check-off reports lacking any explanation of the bases of their conclusions may be rejected, *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996), Dr. Newman provided a written letter with his check-off report. Tr. 479. The ALJ erred in rejecting Dr. Newman's opinion because it was a check-off report.

The ALJ also determined that less weight should be given to Dr. Newman's opinions because plaintiff submitted letters to Dr. Newman "presumably to increase his chan[c]es of qualifying for disability." Tr. 31.

Generally, an ALJ may not reject a physician's opinion simply because it was procured by the claimant or his attorney. *Nguyen*, 100 F.3d at 1464. If the ALJ suspects that the requested medical opinion is illegitimate, the ALJ may reject the opinion only if there is no objective medical basis for the opinion, and there is evidence of actual improprieties by the doctor submitting the report. *Id.* (citations omitted). The court may find evidence of impropriety in cases in which inconsistencies exist between the opinion and the doctor's treatment notes, the opinion is wholly conclusory, the opinion is directly contradicted by other treating physicians, or

OPINION AND ORDER- 7

the doctor is deliberately attempting to mislead the ALJ for the purpose of helping his patient obtain benefits. *Id.* at 1464-65.

Although the ALJ determined that Dr. Newman's opinions were conclusory and unsupported by objective findings, none of the other factors existed to discredit his opinion based on possible impropriety. This court construes plaintiff's letters as a reasonable means for a patient to communicate concerns to a doctor. The ALJ erred in rejecting Dr. Newman's opinions on the basis that they were procured by plaintiff.

Notwithstanding these two errors, the ALJ provided additional reasons for rejecting Dr. Newman's opinions that were specific and legitimate. In light of these other reasons and the objective evidence on which the ALJ relied, these errors were harmless. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004).

### 2.    Vocational findings

Plaintiff contends that the ALJ erred by failing to elicit testimony from a VE to determine whether plaintiff could perform his past relevant works as a software designer. Pl.'s Br. at 11. This court disagrees.

Once a claimant establishes a prima facie case of disability by demonstrating that he or she cannot return to former employment, the burden shifts to the Commissioner to show that the claimant can perform other types of work by applying the Medical-Vocational Guidelines or by taking the testimony of a VE. *Burkhart*, 856 F.2d at 1340. If the claimant cannot establish an inability to return to past relevant work, the claimant has not met his or her burden and the Commissioner is not required to question a VE. *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993). Even if the claimant meets his or her prima facie burden, an ALJ need call a VE only if

OPINION AND ORDER- 8

the claimant is incapable of performing the full range of applicable work, or if evidence exists of significant and sufficiently severe non-exertional limitations. *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007).

In defining a claimant's past relevant work, the ALJ may rely on a properly completed vocational report or the claimant's testimony. *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (citing Social Security Ruling (SSR) 82-61 and SSR 82-41). The claimant "is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work." SSR 82-62 at *3.

In this case, the ALJ relied on a vocational report and plaintiff's description of his past relevant work. Tr. 36 (citing Ex. 12-E); Tr. 172-75. The ALJ was not required to obtain testimony from a VE because plaintiff failed to meet his burden at steps one through four, and no severe non-exertional limitations were presented. Accordingly, testimony from a VE was unnecessary.

## CONCLUSION

This court concludes that the Commissioner's findings were based upon correct legal standards and were supported by substantial evidence existing in the record. The Commissioner's decision denying Skyler S. Cantrell's benefits is AFFIRMED.

IT IS SO ORDERED.

DATED this 17 day of May, 2011.

Ancer L. Haggerty
United States District Judge

OPINION AND ORDER- 9